UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **STEVEN SMITH** | **CIVIL ACTION NO. 6:14-cv-2837** |
| LA. DOC #129336 | |
| VS. | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

    Pro se petitioner Steven Smith, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of habeas corpus on September 29, 2014. Petitioner attacks his 1990 second degree murder conviction in the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

    In 1990 petitioner was convicted of second degree murder and sentenced to life imprisonment in a criminal prosecution assigned Docket No. 88-cr-56482 of the Fifteenth Judicial District Court, Lafayette Parish. [Doc. 1, ¶1-7] His conviction and sentence were affirmed on appeal to the Third Circuit Court of Appeal. [Doc. 1, ¶8-9]

    On December 17, 1997 he filed a petition for writ of habeas corpus in this Court attacking the 1990 murder conviction. His petition was dismissed as untimely on November 16, 1998. *See Steven Smith v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:97-cv-2441 at Docs. 1 (petition), 7 (report and recommendation of the magistrate judge) and 8 (judgment). He did not

appeal.

On February 28, 2012 he filed an application for post-conviction relief in the Fifteenth Judicial District Court; therein he claimed that newly discovered evidence would establish that he lacked mental capacity to proceed at the time of trial, that his attorney failed to investigate or have petitioner evaluated, that counsel labored under a conflict of interest because the State's key witness was a client of his law office, and, that counsel's strategy was unsound. His application was denied by the trial court as untimely pursuant to La. C.Cr.P. art. 930.8 on November 27, 2013. [Doc. 1, ¶ 11; ¶12(d)(2); Doc. 1-2, pp. 1-16]

Thereafter, on October 4, 2013 his application for writs [Doc. 1-2, pp. 18-23] was denied by the Third Circuit Court of Appeal. *State of Louisiana v. Steven Smith*, 13-00750 (La. App. 3 Cir. 10/4/2013), 130 So.3d 491 (Table). His application for rehearing was denied on November 27, 2013. [Doc. 1-2, p. 17] His application for writs in the Louisiana Supreme Court [Doc. 1-2, pp 25-28] was denied on September 12, 2014 by the Louisiana Supreme Court. The Supreme Court denied writs because petitioner's application for post-conviction was untimely under La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Steven Smith v. State of Louisiana*, 2013-3013 (La. 9/12/2014), 147 So.3d 184. [Doc. 1-2, p. 24]

He filed the instant petition on September 29, 2014. It appears that he desires to incorporate as his federal habeas claims those claims raised in his untimely State post-conviction proceedings. [Doc. 1, p. 7, ¶12 Ground Two]  He also demands a ruling on the merits of those claims arguing that the "... A.E.D.P.A. and any other statute, law or rule that would keep the merits of my claims from being ruled on..." are unconstitutional. [Doc. 1, p. 5, ¶12 Ground One]

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. A *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir. 2009)

Petitioner's first petition was dismissed as time-barred. Petitioner now raises claims that could have been raised in his previous petition. This petition is therefore successive. Petitioner has not yet applied for or received permission from the Court of Appeals to file this successive petition in the District Court.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is

appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

      In Chambers, Lafayette , Louisiana January 16, 2015.

                                            _____
                                            **PATRICK J. HANNA**
                                            **UNITED STATES MAGISTRATE JUDGE**

                              COPY SENT:

                              DATE:   1/16/2015
                              BY:        EFA
                              TO:        RFD
                                       cg